Chad Belville IA Bar 015731

304 East Beth Drive

Phoenix, AZ 85042

602-904-5485

FAX 602-297-6953

cbelville@azbar.org

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF IOWA

CENTRAL DIVISION

| | | |
|---|---|---|
| FRASERSIDE IP LLC, | ) | |
| An Iowa Limited Liability Company | ) | |
| | ) | No. 11-cv-03041-MWB |
| | ) | |
| vs. | ) | COMPLAINT and |
| | ) | JURY DEMAND |
| | ) | |
| Sergej Letyagin, dba SunPorno.com | ) | |
| and www.sunporno.com and John Does 1 - 100 | ) | |
| and John Doe Companies 1 - 100 | ) | |
| | ) | |

## INTRODUCTION

Piracy of copyrighted and trademarked works is a multi-billion dollar, global industry of theft. The piracy of legal adult entertainment is the training ground for all other forms of online piracy – audio books, television shows, digital music files, and general release Hollywood movies. USA Today wrote, "Online porn often leads high-tech way" http://www.usatoday.com/money/industries/technology/2004-03-09-onlineporn_x.htm and it is a fact that pornography lead the technological advances and mass acceptance of VHS, DVD's, the growth of the Internet, streaming video, online advertising, online payment processing, and downloads. Online piracy of pornography has lead the way for piracy of more mainstream copyrighted works; it has provided a roadmap at a significant cost to the legitimate and legal adult and mainstream entertainment industries. The pirates of pornography train like professional sports players before a big game; they are masterful at their craft and execute with precision. They diligently find ways to hide assets and identities while exploiting weaknesses in their prey. Piracy such as that committed by Defendants is committed only for profit; no party engages in piracy out of any feeling of philanthropic responsibility or to further constitutional free expression. The Rand Institute's 2009 publication Film, Piracy, Organized Crime, and Terrorism determined that "Piracy is high in payoff – with profit margins greater than those of illegal narcotics – and low in risk often taking place under the radar of law enforcement. In addition, terrorist groups have in some cases used the proceeds of film piracy to finance their activities. Besides being a threat to the global information economy, counterfeiting threatens public safety and national security."

http://www.rand.org/pubs/monographs/2009/RAND_MG742.pdf

In May 2011, Assistant Attorney General Lanny A. Breuer of the Criminal Division during a speech to the International Anti-Counterfeiting Coalition Spring Conference said, "[Intellectual Property] IP Crime is a serious threat. It jeopardizes the health and safety of consumers. It stifles creativity. And it has a negative effect on the American economy.

Source: FBI Counterintelligence Strategic Partnership Newsletter http://www.ndiastl.org/wp-content/uploads/2011/07/Newsletter-July.pdf (Page 3)

Piracy is not a victimless crime and piracy of legal adult materials leads to greater occurrences of piracy across all other forms of online intellectual property. It is against this backdrop that the following Complaint is respectfully submitted to the Court.

<u>JURISDICTION AND VENUE</u>

1.     Plaintiff is a Limited Liability Company organized under the laws of the State of Iowa with its principal place of business in Northwood, Iowa.

2.     Upon information and belief, Defendant SunPorno.com is hiding its true identity behind Moniker Privacy Services with a business address of 20 SW 27th Ave, Suite 201, Pompano Beach FL 33069. Further information and belief, Defendant Sergej Letyagin is a stakeholder of www.sunporno.com; he is believed to be located at Portland House, Suite 2, Glasis Road, Gibraltar. Further stakeholders and relationships among Defendants will be identified during discovery.

3.    This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 17 U.S.C. § 101 et seq., Section 32 of the Lanham Act, 15 U.S.C. §1114(1), 15 U.S.C. § 1121, 15 U.S.C. §1125, 28 U.S.C. §1331 and 28 U.S.C. §1338. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b)(c).

4.    This Court has personal jurisdiction pursuant to 28 U.S.C. §§ 1391(b), (c ) and/or (d)

## PARTIES

5.    FraserSide IP LLC, an Iowa Limited Liability Company, (Plaintiff or Plaintiffs or "Private" or "Fraserside" herein) is the rightful trademark, copyright, and intellectual property owner and/or successor in interest of the United States trademarks, copyrights, and intellectual property that is the basis for this action. The parent company Private Media Group Inc., a Nevada company (PRVT on NASDAQ), is one of the world's leading producers of high quality brand driven adult motion picture films. Fraserside IP LLC, its parent and sibling companies, collectively, are commonly and commercially known as "Private". Private has been producing legal adult entertainment since 1968, from print magazines and movie reels to VHS to DVD to online digital download and streaming. In 2010, Private shipped over 400 orders to Iowa residents and delivered nearly 2000 online to Iowa customers. Fraserside's' highly sought after intellectual property is distributed on a wide range of platforms including mobile handsets via 104 network operators in 45 countries, digital TV via 38 platforms in 24 countries, broadband Internet, television broadcasting including its own South American cable channel in a venture with world famous Playboy™ and sold on DVD's, on demand and through subscription based

web properties. Fraserside has protected its trade names such as PRIVATE, PRIVATE GOLD, PIRATE and THE PRIVATE LIFE OF through United States trademark and service mark registrations and its films through United States copyright registration. Beginning in 1975, Fraserside further protected its intellectual property through registration in more than 25 countries including Australia, Brazil, Canada, Chile, Denmark, Europe, France, Germany, Hong Kong, India, Italy, Japan, Mexico, Norway, New Zealand, Panama, Philippines, Poland, South Africa, Spain, Sweden, Switzerland, Taiwan, Thailand, United Kingdom, and Venezuela.

Plaintiffs, either directly or as successor in interest, are producers, distributors, and/or exclusive licensors of motion pictures in the United States. Plaintiffs are engaged in the business of producing, distributing, and/or licensing to others, the rights to copy, distribute, transmit and exhibit copyrighted motion pictures and/or other audio visual works. Plaintiffs expend significant amounts of time, money and other resources to produce high quality products, develop supply chains and distribution systems, and build premium brand recognition of their products.

Plaintiffs, either directly or through their affiliates or licensees, distribute their copyrighted works in various forms, without limitation, over the Internet, pay-per-view, video on demand, digital video discs (DVD's), and other formats, by selling them directly or indirectly to the home viewing market or licensing others to do so. Plaintiffs also distribute their copyrighted works, without limitation, through Internet streaming and download services.

Plaintiffs have registered with the United States Copyright Office their copyrighted works identified in the paragraphs below. Plaintiffs have taken industry standard steps to identify their products, including placing recorded warnings at the beginning and end of video productions that appear whenever those videos are played. All copyrights and trademarks

claimed by Fraserside IP LLC have been assigned in their entirety to Fraserside IP LLC by the parent or sibling company and transfer documentation has been submitted to the respective government offices.

6.      Plaintiff's PRIVATE trademark and service mark have been continuously used in commerce since at least June 1968.  U.S. Trademark Registration No. 1014975 was registered on July 1, 1975 and renewed on September 6, 2005.

7.      Plaintiff either directly or through their affiliates or licensees has expended considerable effort and expense in promoting its trademark and the goods sold under the trademark PRIVATE.  As a result, the purchasing public has come to know, rely upon and recognize the mark PRIVATE as an international brand of high quality entertainment.

8.      Plaintiff's PRIVATE GOLD trademark and service mark have been continuously used in commerce since at least August 2004.  U.S. Trademark Registration No. 3188677 was registered on December 26, 2006.

9.      Plaintiff either directly or through their affiliates or licensees has expended considerable effort and expense in promoting its trademark and the goods sold under the trademark PRIVATE GOLD.  As a result, the purchasing public has come to know, rely upon and recognize the mark PRIVATE GOLD as an international brand of high quality entertainment.

10.     Plaintiff's PRIVATE trademark and service mark design of two human female figures have been continuously used in commerce since at least December 2004.  U.S. Trademark Registration No. 3389749 was registered on May 26, 2008.

11.     Plaintiff either directly or through their affiliates or licensees has expended considerable effort and expense in promoting its trademark and the goods sold under the trademark service mark design of two human female figures.  As a result, the purchasing public has come to know, rely upon and recognize the mark design of two human female figures as identifying Plaintiff's work, an international brand of high quality entertainment.

12.     Plaintiff's PIRATE trademark and service mark have been continuously used in commerce since at least May 24, 2000.  U.S. Trademark Registration No. 3137445 was registered on September 5, 2006.

13.     Plaintiff either directly or through their affiliates or licensees has expended considerable effort and expense in promoting its trademark and the goods sold under the trademark service mark PIRATE.  As a result, the purchasing public has come to know, rely upon and recognize the mark PIRATE as an international brand of high quality entertainment.

14.     Plaintiff's THE PRIVATE LIFE OF trademark and service mark have been continuously used in commerce since at least September 1999.  U.S. Trademark Registration No. 2875138 was registered on August 17, 2004.

15.     Plaintiff either directly or through their affiliates or licensees has expended considerable effort and expense in promoting its trademark and the goods sold under the trademark THE PRIVATE LIFE OF.  As a result, the purchasing public has come to know, rely upon and recognize the mark THE PRIVATE LIFE OF as an international brand of high quality entertainment.

16.     Plaintiff either directly or through their affiliates or licensees has produced in excess of 1,000 full-length adults-only or adult-oriented audio-visual works and holds over 75 United States copyrights for its works.

17.     Defendant  www.sunporno.com hides its identity behind Moniker Privacy Services, with a business address of 20 SW 27th Ave Suite 201 Pompano Beach, Florida 33069

18.     Defendant Sergej Letyagin has a stated address of Portland House, Suite 2, Glasis Road, Gibraltar.  Defendant Sergej Letyagin is the registered owner of www.sunporno.com.

19.     Defendants do business as SunPorno.com and operates the website SunPorno.com [hereinafter SunPorno and alternatively as Defendant or Defendants].  Relationships among Defendants will be further detailed during discovery.

20.     Defendant SunPorno competes against Plaintiff in the distribution and sale of adults-only audio-visual works through Internet distribution.

21.     Upon information and belief, Plaintiff avers that each Defendant, individually, corporately, jointly and/or severally, acted intentionally, knowingly, negligently or through willful blindness, as an agent, or representative of each and every, all and singular, the other Defendants, and acted to further the ends of the illegal and improper purposes alleged herein in a common course or scheme to infringe on the Plaintiff's copyrighted intellectual property for illegal profit and monetary gain.

## STATEMENT OF FACTS

22.     Upon information and belief, SunPorno.com is a website that provides adult-oriented audio-visual content to the general public without request for age-verification.

23.     Upon information and belief, the SunPorno.com website is visited by over 2,500,000 internet surfers per day. [See Attachment 1 Compete.com results with estimates and public details]. Upon information and belief, Alexa, a website rating service, ranks SunPorno.com as the # 923 most visited website in the world.  [See Attachment 2 Alexa Ranking].  For comparison purposes only, Google.com and Facebook.com are ranked 1 and 2, respectively.  On August 17, 2011, sites with more traffic than the Defendant per Alexa include LinkedIn at # 13, Microsoft at # 28, Apple at # 34, CNN.com at # 53 and Sears at # 823. Websites that have less traffic than the Defendant include such widely known entities as hotmail.com at # 1,927, NFL.com at # 1,136 and americanairlines.com at # 1,187.  Defendant is arguably one of the most visited websites in the world.  These enormous numbers of visitors result in Plaintiff's copyrighted works being viewed tens of thousands or even millions of times

on Defendant's website.  The number of Iowa-based views per month will be determined during discovery.

24.     Copyright law states that any material that is "reproduced, performed, publicly displayed, or made into a derivative work without permission" is an illegal violation of the rights of the copyright owner.  By its definition each view constitutes a separate and distinct instance of infringement that is produced on a viewer's computer.  One of Plaintiff's works  has been viewed over fifty five thousand (55,000) times on Defendant's website. With the enormous amount of internet users on Defendant's website, the number of uncompensated views grows daily thus furthering the number of copyright infringements and contributing to the further dilution of the Plaintiff's trade and service marks.  The total number of views will be determined during discovery.

25.     Upon information and belief, Defendant pays third parties to send web users, also known as traffic, to Defendant's website.  Defendant currently pays third parties up to $1.20 USD for every one thousand (1,000)  unique visitors sent to Defendant's website from "Good countries" [See Attachment 3, SunPorno's Partnership Program web page].  Details of Defendant's webmaster program will be determined during discovery.

26.     Upon information and belief, Defendant allows third parties to display Plaintiff's intellectual property to third parties on third party websites for the purpose of driving traffic back to SunPorno.  SunPorno has enabled this feature by providing an "embed code" for every video on its site.  An internet user can copy and paste the embed code on another website where the

video can then be viewed. The number of views displayed on SunPorno does not reflect the number of views on those sites. This significantly increases the number of views. This number grows daily thus furthering the number of copyright infringements and contributing to the further dilution of the Plaintiff's trade and service marks.

27.    Upon information and belief, a large portion of videos available on the websites appear to be copyrighted videos that, upon information and belief, are not owned by Defendant but are owned by well-known and long-established members of the adult –oriented audio -visual entertainment industry.

28.    Upon information and belief, the Defendant does not qualify for safe harbor protection under the Digital Millennium Copyright Act (DMCA).

29.    Plaintiff owns the worldwide rights to its extensive archive of high-quality content and also licenses its trademarks internationally for a select range of luxury consumer products.

30.    Plaintiff, as successor in interest, has dedicated significant resources to create, distribute, and protect its works. In addition, Plaintiff dedicates resources to be in compliance with applicable laws in order to protect the integrity of their works and the overall adult entertainment industry.

31.     The viability and profitability of Plaintiff is based upon monies and revenue earned from Plaintiff's intellectual property, including copyrights in Plaintiff's films.

32.     The Internet, in conjunction with recent significant advances in technology, hardware and software, has resulted in the availability of effective means for circumventing the intellectual property ownership rights in nearly every industry, including adult entertainment. The pervasive and intense online infringement is nearly crippling the adult entertainment industry, providing unfettered, unregulated, free access to copyrighted works originally produced by reputable businesses and persons.

33.     Upon information and belief, these infringers are without any accountability to governmental requirements or regulations, without any actual investment in the creation of the works, and without any commitment to the vision of the future of the industry.  Nonetheless, these infringers utilize, display, and distribute copyrighted works for which they have no right or proper license for their own commercial and significant financial benefit.  These actions have caused and continue to cause significant damage to the business and reputation of the true copyright owners.

34.     Upon information and belief, Infringers, such as Defendant through the website SunPorno, have taken advantage of the existence of legitimate Web sites that properly facilitate the exchange of user-generated content.  Defendant SunPorno is truly a subscription membership web site hiding behind the veneer of a simple user-generated content exchange site.  Defendant SunPorno sells premium memberships to its website and pays third parties to send traffic to its

websites like a membership website. Defendant's SunPorno.com website is designed for the sole purpose of taking commercial advantage of copyrighted works without any authority whatsoever and derive benefit from the copyrighted works. This significant commercial and financial advantage is obtained without purchasing or licensing any rights from the copyright holder nor incurring the significant expense of creating and generating the content itself.

35.     Upon information and belief, Defendant's business model of using unauthorized works without compensation has significantly contributed to the ability of Defendant to become one of the most visited websites in the world. Defendant offers unauthorized content for free that legitimate competitors must pay for, with extraordinary results. Defendant then sells premium access to unauthorized content with more extraordinary results. An illegitimate business model where the cost of goods sold is zero will be able to drive out legitimate competitors.

36.     Upon information and belief, Defendant has created, owns, and/or operates the Internet Web site www.SunPorno.com. In concert with the Doe Defendants, Defendant SunPorno uses this site to display and distribute Plaintiff's films, among others, to Internet Users. Defendant SunPorno and the Doe Defendants each know, or have reason to know, that there is no proper license or authority to display and distribute Plaintiff's films on Defendant's website and no proper license or authority to or obtain commercial financial gain from such display and distribution. Defendants use the website SunPorno to gather a vast and extensive collection of infringed films to display and distribute. The website is a one-stop shop for infringing material. Most, if not all, a very large portion of the content indexed on or available

on the website is infringing, unauthorized copyrighted content, including Plaintiff's copyrighted works. The fundamental purpose of the website is to capitalize on the illegal dissemination and contribute to the illegal dissemination of infringing works. This display and distribution provides Defendant SunPorno with significant monthly revenues, and hinders Plaintiff's rightful ability to derive financial benefits from their own films.

37.    Upon information and belief, the display and distribution of Plaintiff's films are accompanied by advertisements that generate Defendant SunPorno significant annual revenue. Advertisers purchase ad space on certain pages and in certain locations on SunPorno.com due to the known or estimated Internet traffic that views the particular page or location. The volume of Internet traffic on such page or location is directly attributable to the quality of content displayed and distributed. Thus, the quality of Plaintiff's films is directly responsible for the revenue generated by the sale of ad space on Defendant's website.

38.    Upon information and belief, the commercial financial benefit and deception regarding the purpose of Defendant's website is not limited to the large revenues generated through sale of third party advertising space. As opposed to legitimate user generated content exchange sites, Defendant's website induces the Internet user to pay subscription fees.

39.    Upon information and belief, SunPorno does not initially allow users to view high quality versions of Plaintiff's films or download Plaintiff's film to the user's computer, although a significant portion is displayed and distributed. If the Internet user wishes to view the film in High Definition, or download the video, the user is presented this the option by becoming a

Premium Member. Upon entering personal information the user is then asked for a credit card number to "...provide a valid credit card for age verification." This "Free Membership" is subject to the terms and conditions which state that "All Trial Memberships will renew automatically to a one-month membership at the end of the Trial Period and will be billed at the rate of $39.95/month or the then applicable rate, unless cancelled." If the user does not uncheck the "Bonus Offer" the user also is made a member of XXXHDVault.com...membership renews at $49.95/monthly, unless cancelled."; "EroticDvdsOnline.com...renews at $29.95/monthly, unless cancelled." or "If you don't qualify for this offer we will substitute it with: UncommonPorn.com ...recurring at $39.62 monthly, until cancelled." All allowing Defendant to commercially benefit from Plaintiff's work without any benefit to Plaintiff. [See Attachment 5 of SunPorno Membership Page]

40. Upon information and belief, the Internet user, initially lead to believe that Defendant's website is a completely free viewing site, is presented with paid options to enhance the viewing experience of unauthorized works owned by Plaintiff. The user is permitted to download the films only with further financial benefit to Defendant. Defendants give away unauthorized viewing of Plaintiff's property then sell unauthorized copies of Plaintiff's property without any benefit to Plaintiff.

41. Upon information and belief, Plaintiff's copyrighted works have been and continue to be infringed by Defendant and the Doe Defendants through the reproduction, distribution, and public display of Plaintiff's films by and through the Internet Web site SunPorno for which Defendant is the registered owner of the domain registration and to which

Defendant and the Doe Defendants, stakeholders of the site, provide essential equipment and support.

42. Upon information and belief, the high volume of Internet traffic generated at Defendant's website is due to the option Internet users are presented in viewing the infringed content for free, rather than obtaining the viewing rights legally and knowingly paying for such rights.

43. In or about August 2011, an initial search of Defendant's website revealed and documented 39 separate instances of copyright infringement of Plaintiff's copyrighted and trademarked intellectual property. As of the date of this Complaint, a total of 39 instances of infringement, identified by name and registration number in the following paragraphs, were documented as being displayed and distributed on SunPorno.com. Each of these films were displayed and distributed by Defendant and the Doe Defendants, each individually and acting in concert with each other, without the consent of, or licensing by, Fraserside, the copyright owner and registrant of the motion picture.

44. Plaintiff marks each film with a copyright notice and trademark in order to inform the public of Plaintiff's ownership. Upon information and belief Defendant has altered Plaintiff's films in that these notices and marks have been removed. Defendants intentionally delete, blur or obscure Plaintiff's watermarks and logos from Plaintiff's videos displayed on Defendants' website, causing consumers to be confused as to the origin of the audio-video

content.  The manipulation of identifying marks is also evidence of knowledge and intent to infringe Plaintiff's intellectual property rights.

45.     Upon information and belief, Defendant has actual knowledge and clear notice of this extensive infringement of Plaintiff's titles.  The infringement is clear and obvious even to the most naïve observer.  Plaintiff's films are displayed and distributed on SunPorno through Defendant and the Doe Defendants acting in concert.  Plaintiff's and other major producers' trademarks are used to index infringing material along with obfuscation of watermarks and other identifiers which is evidence of knowledge and intent.

46.     By virtue of the conduct alleged herein, Defendants knowingly promote, participate in, facilitate, assist, enable, materially contribute to, encourage, and induce copyright and trademark infringement, and thereby have infringed, secondarily infringed, and induced infringement by others,  the copyrights and trademarks in Plaintiff's copyrighted work, including but not limited to those listing the paragraphs below.

CLAIMS FOR RELIEF

COUNT I

Copyright Infringement

47.     In or about August 2011, www.sunporno.com displayed and offered for viewing Fraserside's copyrighted work ANAL LOLITAS, Copyright Registration Number PA0001670894 also protected by Trademark Registration 1014957; specifically located

at http://www.sunporno.com/search/anal%20lolas/page1.html. This copyrighted and trademark

protected work was displayed without the consent of, or licensing by, Fraserside IP LLC, the

copyright owner and trademark owner of the motion picture.

48.     In or about August 2011, www.sunporno.com displayed and offered for viewing

Fraserside's copyrighted work ANAL LOLITAS, Copyright Registration Number

PA0001670894 also protected by Trademark Registration 1014957; specifically located

at http://www.sunporno.com/tube/videos/338250/anal-lolas-scene-1.html. This copyrighted and

trademark protected work was displayed without the consent of, or licensing by, Fraserside IP

LLC, the copyright owner and trademark owner of the motion picture.

49.     In or about August 2011, www.sunporno.com displayed and offered for viewing

Fraserside's copyrighted work ANAL LOLITAS, Copyright Registration Number

PA0001670894 also protected by Trademark Registration 1014957; specifically located

at http://www.sunporno.com/tube/videos/369829/anal-lolas-scene-4.html. This copyrighted and

trademark protected work was displayed without the consent of, or licensing by, Fraserside IP

LLC, the copyright owner and trademark owner of the motion picture.

50.     In or about August 2011, www.sunporno.com displayed and offered for viewing

Fraserside's copyrighted work ANAL LOLITAS, Copyright Registration Number

PA0001670894 also protected by Trademark Registration 1014957; specifically located

at http://www.sunporno.com/tube/videos/369843/anal-lolas-scene-3.html. This copyrighted and

trademark protected work was displayed without the consent of, or licensing by, Fraserside IP

LLC, the copyright owner and trademark owner of the motion picture.

51.     In or about August 2011, www.sunporno.com displayed and offered for viewing Fraserside's copyrighted work ANAL LOLITAS, Copyright Registration Number PA0001670894 also protected by Trademark Registration 1014957; specifically located at http://www.sunporno.com/tube/videos/369845/anal-lolas-scene-2.html.  This copyrighted and trademark protected work was displayed without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture.

52.     In or about August 2011, www.sunporno.com displayed and offered for viewing Fraserside's copyrighted work BEAUTIES IN THE TROPIX, Copyright Registration Number PA0001674265 also protected by Trademark Registration 1014957; specifically located at http://www.sunporno.com/tube/videos/401024/suzie-carina-outdoor-anal-fuck.html.  This copyrighted and trademark protected work was displayed without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture.

53.     In or about August 2011, www.sunporno.com displayed and offered for viewing Fraserside's copyrighted work CARIBBEAN DREAM, Copyright Registration Number PA0001670898 also protected by Trademark Registration 1014957; specifically located at http://www.sunporno.com/tube/videos/70962/alexandra-schiffer-and-blond-panni---caribbean-dream.html.  This copyrighted and trademark protected work was displayed without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture.

54.     In or about August 2011, www.sunporno.com displayed and offered for viewing Fraserside's copyrighted work CARIBBEAN VACATION, Copyright Registration Number PA0001677489 also protected by Trademark Registration 1014957; specifically located

at http://www.sunporno.com/tube/videos/36873/tropical-vacation-turns-hardore.html. This copyrighted and trademark protected work was displayed without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture.

55.     In or about August 2011, www.sunporno.com displayed and offered for viewing Fraserside's copyrighted work CARIBBEAN VACATION, Copyright Registration Number PA0001677489 also protected by Trademark Registration 1014957; specifically located at http://www.sunporno.com/tube/videos/332924/sandra-russo-caribbean-vacation.html. This copyrighted and trademark protected work was displayed without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture.

56.     In or about August 2011, www.sunporno.com displayed and offered for viewing Fraserside's copyrighted work CLEOPATRA, Copyright Registration Number PA0001676455 also protected by Trademark Registration 1014957; specifically located at http://www.sunporno.com/search/cleopatra/page1.html. This copyrighted and trademark protected work was displayed without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture.

57.     In or about August 2011, www.sunporno.com displayed and offered for viewing Fraserside's copyrighted work CLEOPATRA, Copyright Registration Number PA0001676455 also protected by Trademark Registration 1014957; specifically located at http://www.sunporno.com/tube/videos/335314/cleopatra-2.htmlThis copyrighted and trademark protected work was displayed without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture.

58.     In or about August 2011, www.sunporno.com displayed and offered for viewing Fraserside's copyrighted work CLEOPATRA, Copyright Registration Number PA0001676455 also protected by Trademark Registration 1014957; specifically located at http://www.sunporno.com/tube/videos/369464/cleopatra-the-queen-of-egyptian-cock.html. This copyrighted and trademark protected work was displayed without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture.

59.     In or about August 2011, www.sunporno.com displayed and offered for viewing Fraserside's copyrighted work COMING OF AGE, Copyright Registration Number PA0001674262 also protected by Trademark Registration 1014957; specifically located at http://www.sunporno.com/search/COMING%20OF%20AGE%20/page1.html.  This copyrighted and trademark protected work was displayed without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture.

60.     In or about August 2011, www.sunporno.com displayed and offered for viewing Fraserside's copyrighted work COMING OF AGE, Copyright Registration Number PA0001674262 also protected by Trademark Registration 1014957; specifically located at http://www.sunporno.com/tube/videos/341045/deja-dare---coming-of-age-scene-1.html.  This copyrighted and trademark protected work was displayed without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture.

61.     In or about August 2011, www.sunporno.com displayed and offered for viewing Fraserside's copyrighted work COMING OF AGE, Copyright Registration Number PA0001674262 also protected by Trademark Registration 1014957; specifically located

Case 3:11-cv-03041-MWB   Document 2   Filed 08/29/11   Page 21 of 38

at http://www.sunporno.com/tube/videos/299400/teens-cumming-of-age-2---http:www.xvideo.html. This copyrighted and trademark protected work was displayed without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture.

62.     In or about August 2011, www.sunporno.com displayed and offered for viewing Fraserside's copyrighted work COMING OF AGE, Copyright Registration Number PA0001674262 also protected by Trademark Registration 1014957; specifically located at http://www.sunporno.com/tube/videos/301353/jenni-lee---cumming-of-age.html. This copyrighted and trademark protected work was displayed without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture.

63.     In or about August 2011, www.sunporno.com displayed and offered for viewing Fraserside's copyrighted work DANGEROUS THINGS, Copyright Registration Number PA0001675595 also protected by Trademark Registration 1014957; specifically located at http://www.sunporno.com/tube/videos/364058/silvia-saint---dangerous-things.html. This copyrighted and trademark protected work was displayed without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture.

64.     In or about August 2011, www.sunporno.com displayed and offered for viewing Fraserside's copyrighted work GLADIATOR, Copyright Registration Number PA0001674249 also protected by Trademark Registration 1014957; specifically located at http://www.sunporno.com/search/gladiator/page1.html. This copyrighted and trademark protected work was displayed without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture.

65.     In or about August 2011, www.sunporno.com displayed and offered for viewing Fraserside's copyrighted work GLADIATOR, Copyright Registration Number PA0001674249 also protected by Trademark Registration 1014957; specifically located at http://www.sunporno.com/tube/videos/335191/gladiator's-test.html.  This copyrighted and trademark protected work was displayed without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture.

66.     In or about August 2011, www.sunporno.com displayed and offered for viewing Fraserside's copyrighted work GLADIATOR, Copyright Registration Number PA0001674249 also protected by Trademark Registration 1014957; specifically located at http://www.sunporno.com/tube/videos/335192/sluts-of-the-gladiator.html.  This copyrighted and trademark protected work was displayed without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture.

67.     In or about August 2011, www.sunporno.com displayed and offered for viewing Fraserside's copyrighted work GLADIATOR II - IN THE CITY OF LUST, Copyright Registration Number PA0001674246 also protected by Trademark Registration 1014957; specifically located at http://www.sunporno.com/search/gladiator/page1.html.  This copyrighted and trademark protected work was displayed without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture.

68.     In or about August 2011, www.sunporno.com displayed and offered for viewing Fraserside's copyrighted work GLADIATOR II - IN THE CITY OF LUST, Copyright Registration Number PA0001674246 also protected by Trademark Registration 1014957;

specifically located at http://www.sunporno.com/tube/videos/335183/the-gladiator%27s-dream.html. This copyrighted and trademark protected work was displayed without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture.

68. In or about August 2011, www.sunporno.com displayed and offered for viewing Fraserside's copyrighted work IBIZA SEX PARTY 5, Copyright Registration Number PA0001674244 also protected by Trademark Registration 1014957; specifically located at  http://www.sunporno.com/tube/videos/315474/ibiza-sex-party-angel-dark-suzie-diamond-trisha-brill-carla.html. This copyrighted and trademark protected work was displayed without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture.

70. In or about August 2011, www.sunporno.com displayed and offered for viewing Fraserside's copyrighted work IBIZA SEX PARTY 5, Copyright Registration Number PA0001674244 also protected by Trademark Registration 1014957; specifically located at http://www.sunporno.com/search/IBIZA%20SEX%20PARTY%205%20/page1.html. This copyrighted and trademark protected work was displayed without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture.

71. In or about August 2011, www.sunporno.com displayed and offered for viewing Fraserside's copyrighted work LADY OF THE RINGS, Copyright Registration Number PA0001673381 also protected by Trademark Registration 1014957; specifically located at http://www.sunporno.com/tube/videos/366354/whores-of-the-rings.html. This copyrighted

and trademark protected work was displayed without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture.

72.     In or about August 2011, www.sunporno.com displayed and offered for viewing Fraserside's copyrighted work TENERIFE, Copyright Registration Number PA0001670897 also protected by Trademark Registration 1014957; specifically located at http://www.sunporno.com/tube/videos/22039/silvia-saint--jane-darling---tenerife.html.  This copyrighted and trademark protected work was displayed without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture.

73.     In or about August 2011, www.sunporno.com displayed and offered for viewing Fraserside's copyrighted work DANGEROUS THINGS, Copyright Registration Number PA0001001601 also protected by Trademark Registration 1014957; specifically located at http://www.sunporno.com/tube/videos/364058/silvia-saint---dangerous-things.html.  This copyrighted and trademark protected work was displayed without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture.

74.     In or about August 2011, www.sunporno.com displayed and offered for viewing Fraserside's copyrighted work GAIA 5, Copyright Registration Number PA0001044971 also protected by Trademark Registration 1014957; specifically located at http://www.sunporno.com/tube/videos/294355/gaia-facial-smashing.html.  This copyrighted and trademark protected work was displayed without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture.

75.     In or about August 2011, www.sunporno.com displayed and offered for viewing Fraserside's copyrighted work GAIA 5, Copyright Registration Number PA0001044971 also

protected by Trademark Registration 1014957; specifically located

at http://www.sunporno.com/tube/videos/294355/gaia-facial-smashing.html. This copyrighted

and trademark protected work was displayed without the consent of, or licensing by, Fraserside

IP LLC, the copyright owner and trademark owner of the motion picture.

76.     In or about August 2011, www.sunporno.com displayed and offered for viewing

Fraserside's copyrighted work HOUSE OF LOVE, Copyright Registration Number

PA0000990722 also protected by Trademark Registration 1014957; specifically located

at http://www.sunporno.com/tube/videos/299187/house-of-love-scene.html. This copyrighted

and trademark protected work was displayed without the consent of, or licensing by, Fraserside

IP LLC, the copyright owner and trademark owner of the motion picture.

77.     In or about August 2011, www.sunporno.com displayed and offered for viewing

Fraserside's copyrighted work MATADOR 2, Copyright Registration Number PA0000984575

also protected by Trademark Registration 1014957; specifically located

at http://www.sunporno.com/tube/videos/299949/private-matador-2--nicol-hard-anal-

gapping.html. This copyrighted and trademark protected work was displayed without the

consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the

motion picture.

78.     In or about August 2011, www.sunporno.com displayed and offered for viewing

Fraserside's copyrighted work MATADOR 2, Copyright Registration Number PA0000984575

also protected by Trademark Registration 1014957; specifically located

at http://www.sunporno.com/tube/videos/47700/nikol-matador.html. This copyrighted and

trademark protected work was displayed without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture.

79.	In or about August 2011, www.sunporno.com displayed and offered for viewing Fraserside's copyrighted work MATADOR 5, Copyright Registration Number PA0001003434 also protected by Trademark Registration 1014957; specifically located at http://www.sunporno.com/tube/videos/23756/lea-da-mae-sex-trip.html.  This copyrighted and trademark protected work was displayed without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture.

80.	In or about August 2011, www.sunporno.com displayed and offered for viewing Fraserside's copyrighted work PRIVATE GOLD 43 - NO SUN, NO FUN, Copyright Registration Number PA0001001585 also protected by Trademark Registration 1014957 and 3188677; specifically located at http://www.sunporno.com/search/no%20sun%20no%20fun/page1.html.  This copyrighted and trademark protected work was displayed without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture.

81.	In or about August 2011, www.sunporno.com displayed and offered for viewing Fraserside's copyrighted work PRIVATE GOLD 43 - NO SUN, NO FUN, Copyright Registration Number PA0001001585 also protected by Trademark Registration 1014957 and 3188677; specifically located at http://www.sunporno.com/tube/videos/301819/delfynn-delage-and-katy---no-sun,-no-fun,-scene-2-part-1-xv.html.  This copyrighted and trademark protected work was displayed without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture.

82.     In or about August 2011, www.sunporno.com displayed and offered for viewing Fraserside's copyrighted work PRIVATE GOLD 43 - NO SUN, NO FUN, Copyright Registration Number PA0001001585 also protected by Trademark Registration 1014957 and 3188677; specifically located at http://www.sunporno.com/tube/videos/319393/nikki-montana---no-sun,-no-fun,-scene-part-2.html.  This copyrighted and trademark protected work was displayed without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture.

83.     In or about August 2011, www.sunporno.com displayed and offered for viewing Fraserside's copyrighted work PRIVATE GOLD 43 - NO SUN, NO FUN, Copyright Registration Number PA0001001585 also protected by Trademark Registration 1014957 and 3188677; specifically located at http://www.sunporno.com/tube/videos/358132/lou-valmount---no-sun,-no-fun,-scene-6-part-2.html.  This copyrighted and trademark protected work was displayed without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture.

84.     In or about August 2011, www.sunporno.com displayed and offered for viewing Fraserside's copyrighted work PRIVATE GOLD 44 - RIVIERA, Copyright Registration Number PA0001020247 also protected by Trademark Registration 1014957 and 3188677; specifically located at http://www.sunporno.com/tube/videos/50049/sharon-bright--angelik-in-riviera.html. This copyrighted and trademark protected work was displayed without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture.

85.     In or about August 2011, www.sunporno.com displayed and offered for viewing Fraserside's copyrighted work SUPER FUCKERS 1, Copyright Registration Number PA0000984594 also protected by Trademark Registration 1014957; specifically located at http://www.sunporno.com/tube/videos/314805/kristina-blonde---superfuckers-.html.  This copyrighted and trademark protected work was displayed without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture.


Count II

Contributory Copyright Infringement


86.     Plaintiff repeats, re-alleges, and incorporates by reference each and every preceding allegation set forth herein.

87.     On information and belief, Defendants have engaged in the business of knowingly inducing, causing, and/or materially contributing to unauthorized reproduction, adaptation, public display and/or distribution of copies of the Plaintiff's copyrighted works, and thus to the direct infringement of Plaintiff's copyrighted works.

88.     On information and belief, Defendants' actions constitute contributory infringement of Plaintiff's copyrights and exclusive rights under copyright in the Plaintiff's copyrighted works in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501

89.     Defendant's unauthorized publication of Plaintiff's copyrighted works constitutes infringement of Plaintiff's rights in and to each of the copyrighted works and each publication constitutes a separate and distinct infringement.

90.     By enabling, causing, facilitating, materially contributing to, and encouraging the unauthorized publication and reproduction, distribution, and public display of unauthorized copying of Plaintiff's copyrighted works in the manner described above, with full knowledge of the illegality of such conduct, Defendant has contributed to and induced a vast number of copyright and trademark infringements against Plaintiff.

91.     The unauthorized reproduction, distribution, and public display of Plaintiff's copyrighted works that Defendant enables, causes, materially contributes to and encourages through the acts described above are without Plaintiff's consent and are not otherwise permissible under the Copyright Act.

92.     The acts of infringement by Defendants have been willful, intentional, purposeful and in reckless disregard of and with indifference to Plaintiff's rights.

93.     As a direct and proximate result of the infringements by Defendants of Plaintiff's copyrights and exclusive rights under copyright in the Plaintiff's copyrighted works, Plaintiff is entitled t3 its actual damages and Defendants' profits pursuant to 17 U.S.C. § 504(b)

94.      Alternatively, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c ), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c )

95.     Plaintiff is further entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505

## COUNT III

### Vicarious Copyright Infringement

96.     Plaintiff repeats, re-alleges, and incorporates by reference each and every preceding allegation set forth herein.

97.     On information and belief, Defendants have engaged in the business of profiting through advertising around Plaintiff's copyrighted works on its website, thus knowingly and vicariously causing and benefiting from the unauthorized reproduction, adaptation, public display and/or distribution of copies of the Plaintiff's copyrighted works, and thus to the vicarious infringement of Plaintiff's copyrighted works.

98.     On information and belief, Defendants' actions constitute vicarious infringement of Plaintiff's copyrights and exclusive rights under copyright in the Plaintiff's copyrighted works in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501

99.     The infringement of Plaintiff's rights in and to each of the Plaintiff's copyrighted works constituted a separate and distinct infringement.

100.    The acts of infringement by Defendants have been willful, intentional, purposeful and in reckless disregard of and with indifference to Plaintiff's rights.

101.     As a direct and proximate result of the infringements by Defendants of Plaintiff's copyrights and exclusive rights under copyright in the Plaintiff's copyrighted works, Plaintiff is entitled to its actual damages and Defendants' profits pursuant to 17 U.S.C. § 504(b)

102.     Alternatively, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c ), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c )

103.     Plaintiff is further entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505

## COUNT IV

### Inducement of Copyright Infringement

104.     Plaintiff repeats, re-alleges, and incorporates by reference each and every preceding allegation set forth herein.

105.     On information and belief, Defendants have encouraged the illegal uploading and downloading of Plaintiff's copyrighted works by compensating uploaders, thus inducing the unauthorized reproduction, adaptation, public display and/or distribution of copies of the Plaintiff's copyrighted works, and thus to the direct infringement of Plaintiff's copyrighted works.

106.     Upon information and belief, Defendant's pay third parties to send traffic to Defendant's website, knowing the website gains monetary benefit from unauthorized copyrighted works, thus inducing copyright infringement and illegally benefiting Defendant and third parties from such infringement.

107.     On information and belief, Defendants' actions constitute inducing copyright infringement of Plaintiff's copyrights and exclusive rights under copyright in the Plaintiff's copyrighted works in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

108.     The infringement of Plaintiff's rights in and to each of the Plaintiff's copyrighted works constituted a separate and distinct infringement.

109.     The acts of infringement by Defendants have been willful, intentional, purposeful and in reckless disregard of and with indifference to Plaintiff's rights.

110.    As a direct and proximate result of the infringements by Defendants of Plaintiff's copyrights and exclusive rights under copyright in the Plaintiff's copyrighted works, Plaintiff is entitled to its actual damages and Defendants' profits pursuant to 17 U.S.C. § 504(b).

111.    Alternatively, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c ), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c).

112.    Plaintiff is further entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.


<u>COUNT V</u>

<u>False Designation of Origin under the Lanham Act</u>

113.    Plaintiff repeats, re-alleges, and incorporates by reference each and every preceding allegation set forth herein.

114.    Upon information and belief, Defendant's conduct is likely to cause confusion, mistake or deception as to Defendants' affiliations, connection, or association with Plaintiff, or as to the origin, sponsorship or approval of their goods or commercial activities.

115.    Defendants' conduct as alleged herein, including but not necessarily limited to their use of Plaintiff's marks, constitutes false designation of origin pursuant to 15 U.S.C. § 1125(a).

116.    Plaintiff has been damaged by these acts in an amount to be proven at trial. Plaintiff is also entitled under the Lanham Act to injunctive and equitable relief against Defendants.

## COUNT VI

### Dilution of Trademark

117.     Plaintiff repeats, re-alleges, and incorporates by reference each and every preceding allegation set forth herein.

118.     Upon information and belief, Defendant's conduct is likely to cause dilution of Plaintiff's trademarks and goodwill pursuant to 15 U.S.C. 1125(c)

119.     Defendants' conduct as alleged herein, including but not necessarily limited to their use of Plaintiff's marks, constitutes trademark dilution pursuant to 15 U.S.C. § 1125(c)

120.     Plaintiff has been damaged by these acts in an amount to be proven at trial. Plaintiff is also entitled under the Lanham Act to injunctive and equitable relief against Defendants.

## **PRAYER FOR RELIEF**

A.     That Defendants, their agents, servants, officers, directors, employees, attorneys, privies, representatives, successors and assigns and parent and subsidiary corporations or other related entities, and any or all persons in act of concert or participation with any of them, be preliminarily and permanently enjoined from:

(1)     Any further use of Plaintiff trade dress and terms which is confusingly similar thereto;

(2)     Directly or indirectly using Plaintiff trade dress and terms or confusingly similar trade dress and terms, either alone or in combination with other terms, marks, symbols or trade dress;

(3)     Any further use of Plaintiff trade dress or terms, or any element thereof, in connection with the marketing or sale of adult entertainment;

(4)     Performing any action or using any trade dress, terms, or other name, mark, symbol, imagery or slogan which is likely to cause confusion or mistake, or to deceive or otherwise mislead the trade and/or public into believing that Plaintiff and Defendants are one and the same, or in some way connected, or that Plaintiff is the sponsor of Defendants or their products, or the Defendants in some manner are affiliated or associated with, or under the supervision of Plaintiff, or that Defendants' products originate with Plaintiff, or are connected or offered with the approval, consent, authorization, or under the supervision of Plaintiff;

(5)     Marketing or selling any product containing or utilizing Plaintiff' intellectual property or business values; or

(6)     Any other conduct constituting unfair competition with Plaintiff, misappropriation of Plaintiff trade dress or terms or business values, or a violation of the Iowa Code.

B.     That Defendants be ordered to transfer the domain www.SunPorno.com, and all similar domains held by Defendant found in discovery, such as misspellings of the enumerated domains, domains held by Defendant linked to SunPorno.com, and the content therein to Plaintiff.

C.     That Defendants be ordered to file with the Court and serve upon Plaintiff, within thirty (30) after the entry of an injunction, a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with any ordered injunction;

D.      That Plaintiff be awarded damages in an amount to be determined at trial all infringing activities, including Plaintiff damages and lost profits, Defendants' profits, plus any costs incurred in preventing future confusion, mistake or deception, all from the date of first infringement;

E.      That Defendants pay Plaintiff a sum sufficient to cover the cost of corrective advertising necessary to alleviate any existing or lingering confusion resulting from Defendants' unauthorized use of Plaintiff trade dress and terms;

F.      That Defendants be ordered to account to Plaintiff for all profits, gains and advantages which they have realized as a consequence of their unauthorized use of Plaintiff trade dress and terms, as well as any confusingly similar trade dress or terms;

G.      That Plaintiff be awarded enhanced damages and attorney's fees;

H.      That Plaintiff be awarded pre-judgment and post-judgment interest;

I.      That Plaintiff be awarded costs and expenses incurred in prosecuting this action, including expert witness fees; and

J.      That such other and further preliminary and permanent relief be awarded to Plaintiff as the Court deems appropriate.

36

JURY DEMAND

Plaintiff FraserSide IP LLC. demands a jury on all issues so triable.

DATED: August 29, 2011                    Respectfully submitted,


                                          By:


                                                /s/ Chad L. Belville
                                                cbelville@azbar.org
                                                Chad Belville, Attorney at Law
                                                Attorney for Plaintiff
                                                Iowa Bar # 015731

Physical Address                                304 East Beth Drive
                                                Phoenix, AZ 85042

MAILING ADDRESS:                                P.O. Box 17879
                                                Phoenix, AZ 85066

                                                Telephone: 602-904-5485
                                                FAX: 602-297-6953
                                                E-mail cbelville@azbar.org
                                                ATTORNEY FOR PLAINTIFF

TABLE OF ATTACHMENTS

1.      Compete.com results for SunPorno.com

2.      Alexa Ranking for SunPorno

3.      SunPorno Partnership Program information page

4.      SunPorno non compliant DMCA page

5.      SunPorno Page Showing Membership signup