UNITED STATES DISTRICT COURT
IN AND FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

|  |  |
|---|---|
| Fraserside IP, LLC,<br>    Plaintiff,<br>v.<br><br>Sergej Letyagin, dba SunPorno.com,<br>    www.sunporno.com,<br>    John Does 1 – 100,<br>    and John Doe Companies 1-100,<br>    Defendants. | Docket No. 11-cv-03041-MWB |

**DEFENDANTS SERGEJ LETYAGIN AND WWW.SUNPORNO.COM'S
MEMORANDUM OF LAW IN SUPPORT OF
<u>MOTION TO DISMISS</u>**

**Table of Contents**

**Introduction**...................................................................................................1
**Facts**............................................................................................................ 2
    **The Parties and Interested Parties**............................................................ 2
        A.    **Fraserside IP**
        B.    **Fraserside Holdings**
        C.    **Private Media Group**
        D.    **Sergej Letyagin**

**Argument**...................................................................................................... 5

    The Complaint Must Be Dismissed Because Neither Mr. Letyagin,
    www.SunPorno.com, nor Ideal Consult, Ltd. Are Subject To
    Personal Jurisdiction in Iowa.............................................................. 5

    **Conclusion**................................................................................................ 13

> *"...Resolution of the issue of personal jurisdiction over [the Defendant] is not written in grey but solid black. Because [the Defendant] does not have sufficient 'minimum contacts' with Iowa, the maintenance of this lawsuit would offend 'traditional notions of fair play and substantial justice.'"*
>
> - The Hon. Mark W. Bennett,
> writing in
> *Fraserside IP, LLC v. Hammy Media, Ltd.*

> *"...this will not stop or hold back any of our efforts and you can expect to see new filings over the next few weeks."*[1]
>
> - Chad Belville, Plaintiff's Attorney,
> in response to the Court's ruling

## Introduction

The present case is yet another in a seemingly endless series of lawsuits brought by Plaintiff Fraserside IP, LLC ("Fraserside IP") against a litany of foreign defendants, none of whom have even the remotest of connections to this forum. Instead, Fraserside IP, a wholly-owned subsidiary of Fraserside Holdings, Ltd., a Cyprus-based company which is itself without any legitimate connection to Iowa, has brought the present action against Sergej Letyagin, a resident of Europe, who also lacks any connection to this forum, and www.SunPorno.com, a website that is not actually a legal entity which can be sued, but which, in any event, is owned and operated by a Seychelles company.[2] Other than Fraserside IP itself – an entity apparently created solely to manufacture jurisdiction in Iowa – the parties (and real parties in interest) lack any tie to Iowa. Accordingly, pursuant to Fed. R. Civ. P. 12(b)(2), Fraserside IP's Complaint should be dismissed in its entirety. In further support of this memorandum, Mr. Letyagin and www.SunPorno.com state as follows.

---

[1] *See Exhibit 1,* "Private Media Group to Appeal xHamster Suit's Dismissal," xBiz.

[2] Fraserside IP has also continued its practice in this case of naming as a defendant the person or entity listed as the administrative contact on a website's WHOIS listing, as opposed to the actual owner of the website. (*See, e.g.,* dismissal of WhoIsGuard in *Fraserside IP. v. Hammy Media, Ltd.)*. Mr. Letyagin is not the owner or operator of the Sunporno website. Rather, Ideal Consult, Ltd., a Seychelles company, owns and operates the site. For the purposes of this Motion only, however, Ideal Consult, Ltd. treats the naming of www.SunPorno.com as if it properly named Ideal as a defendant.

1

## Facts

The following facts – derived from the allegations in Fraserside IP's Complaint and from public records[3] – are accepted as true for the purposes of this motion:

**The Parties and Interested Parties**

    A.    **Fraserside IP**

The Plaintiff, Fraserside IP, is a wholly owned subsidiary of Fraserside Holdings, Ltd. ("Fraserside Holdings"), a Cyprus-based company. *Fraserside IP LLC v. WhoIsGuard et al*, Northern District of Iowa, Civil Action No. 3:11-cv-03025-MWB, Fraserside's Disclosure Statement, Docket No. 7, p. 1.[4]

Fraserside IP conducts no actual business – in Iowa or anywhere else – but rather appears to have been created for the sole purpose of judicial forum shopping. Indeed, since its inception in late 2010, Fraserside IP has filed <u>seventeen</u> different cases in this Court. (*Fraserside IP LLC*

---

[3] Although a Court generally cannot look at materials outside of the Complaint in considering a Motion to Dismiss, it is well established in the Eight Circuit that the Court is permitted to consider, among other things, public records, court documents, governmental records, and documents which form the basis of the Plaintiff's Complaint, even if the Plaintiff has failed to attach such documents to the Complaint. *Noble Sys. Corp. v. Alorica Cent., LLC*, 543 F.3d 978, 983 (8th Cir. 2008)(" the district court is limited to the materials properly before it on a motion to dismiss, which may include public records and materials embraced by the complaint"); *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999)(at the 12(b)(6) stage, the court may consider both "materials that are part of the public record" and "materials that are necessarily embraced by the complaint"); *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007)("The district court may take judicial notice of public records and may thus consider them on a motion to dismiss"); *Rakes v. Life Investors Ins. Co. of Am.*, 2007 U.S. Dist. LEXIS 52719, *8-9 (N.D. Iowa 2007)("A plaintiff is under no obligation to attach to her complaint documents upon which her action is based, but a defendant may introduce certain pertinent documents if the plaintiff failed to do so.") *See also Sioux Biochemical, Inc. v. Cargill, Inc.,* 410 F. Supp. 2d 785, 790-791 (N.D. Iowa 2005); *Florida State Bd. of Admin. v. Green Tree Fin. Corp.*, 270 F.3d 645, 663 (8th Cir. 2001); *Catholic Order v. U.S. Bancorp Piper Jaffray, Inc.*, 337 F. Supp. 2d 1148, 1159-1160 (N.D. Iowa 2004). In this Circuit, considering such materials does not convert a motion to dismiss into a motion for summary judgment. *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007).

[4] The disclosure statement in this case erroneously states that Fraserside Holdings Limited is the shareholder of Private Media Group, Inc., and that Private Media Group, Inc. is the shareholder of the Plaintiff. In actuality, Private Media Group, Inc. is the shareholder of Fraserside Holdings Limited which is the shareholder of the Plaintiff. The correct corporate structure used herein is evidenced by the Plaintiff's filings in the numerous other cases Plaintiff has filed in this District.

*v. Slutload, et al.*, 10-cv-03066-MWB; *Fraserside IP LLC v. Youngtek Solutions Ltd, et al.*, 11-cv-03005-MWB; *Fraserside IP LLC v. IG Media Inc.*, 11-cv-03015-MWB; *Fraserside IP LLC v. Gens*, 3:11-cv-03019-MWB; *Fraserside IP LLC v. Gens*, 11-cv-03022-MWB; *Fraserside IP LLC v. WhoIsGuard, et al.*, 11-cv-03025-MWB; *Fraserside IP LLC v. Faragalla, et al.,* 11-cv-03032-MWB; *Fraserside IP LLC v. Netvertising Ltd, et al.*, 3:11-cv-03033-MWB; *Fraserside IP LLC v. Netvertising Ltd, et al.,* 11-cv-03034-MWB; *Fraserside IP LLC v. Kovalchuk*, 11-cv-03040-MWB, *Fraserside IP LLC v. Letyagin*, 11-cv-03041-MWB; *Fraserside IP LLC v. Olivero*, 11-cv-03042-MWB; *Fraserside IP LLC v. Waterweg,* 11-cv-03043-MWB; *Fraserside IP LLC v. Miller*, 11-cv-03047-MWB; *Fraserside IP LLC v. Contact Privacy*, 11-cv-03048-MWB; *Fraserside IP LLC v. WhoIsGuard d/b/a PornerBros.com,* 11-cv-03056-MWB; and *Fraserside IP, LLC v. PornoXO,* 11-cv-03065-MWB.)

Not a single defendant in any of these actions is located in Iowa.

**B.     Fraserside Holdings**

Fraserside Holdings, the Cyprus-based company, is itself a wholly owned subsidiary of Private Media Group, Inc., a publicly traded company incorporated in Nevada.  Although the Complaint pretends that Fraserside IP is the same as Fraserside Holdings and Private Media, in truth, each of these companies is a separate legal entity.

Fraserside Holdings has consistently asserted in other judicial proceedings that it is not subject to jurisdiction anywhere in the United States.  *See, e.g, Russell Whitaker, d/b/a C&B Videos, et al. v. MGA, Inc., et al.*, Middle District of Georgia, Civil Action No. 1:05-CV-00099-WLS, Motion to Dismiss the Complaint, Document 51, pp. 2-3 ("Plaintiff has not set forth any sufficient basis to support the proper exercise of personal jurisdiction over [Fraserside Holdings, Ltd. ("FHL")] FHL, a foreign corporation that is incorporated under the laws of, and has its

3

principal place of business in, the country of Cyprus. …FHL does not own or lease any real estate in Georgia or the United States. …FHL does not have any employees in Georgia or the United States. …FHL does not ship any goods for sale to Georgia. The goods are distributed in the United States by distributors with whom FHL has contractual relationships"); *Holland v. MGA, Inc., et al.*,[5] Middle District of Alabama, Civil Action No. 1:05 CV 00237-M, Fraserside's Motion to Dismiss the Complaint, Docket No. 80, p. 6 ("Fraserside does not sell any goods in Alabama, and in fact, does not sell any goods in the United States. Its products are sold and distributed by third party distributors with independent contractual relationships. Fraserside has no knowledge of what is done with its products within the United States.") *See also Clark v. MGA, Inc., et al.,* Southern District of Alabama, Civil Action No. 2:05 CV 00633-SLB, Docket No. 33, p. 6 (same); *Carter v. MGA, Inc., et al.*, Northern District of Alabama, Civil Action No. 2:05 CV 01662-WMA, Docket No. 47, p. 9 (same).

## C. Private Media Group

Private Media Group, Inc. is a publicly-traded company, incorporated in the state of Nevada. Private Media Group, Inc. is a shareholder of Fraserside Holdings Limited.

## D. Sergej Letyagin

Mr. Letyagin is an individual located in Europe. *See* Letyagin Affidavit, attached as Exhibit 2.[6] Neither Mr. Letyagin, nor the SunPorno website, nor Ideal Consult, Ltd., the company that actually owns and operates the website have an office in Iowa, a telephone number

---

[5] In *Holland v. MGA, Inc., et al.*, Middle District of Alabama, Civil Action No. 1:05 CV 00237-M, Private Media Group's Chief Financial Officer, Johan Gillborg, filed an affidavit in an attempt to resist jurisdiction over Fraserside Holdings. *See* Document 79-1. In that affidavit, Mr. Gillborg noted that Fraserside Holdings was a Cyprus corporation, which did not own or lease any real estate in Alabama or the United States, and did not have any employees in Alabama or the United States. *Id.* In addition, Mr. Gillborg stated under oath that "Fraserside does not ship any goods for sale to Alabama. The goods are distributed in the United States by distributors with whom Fraserside has contractual relationships." *Id.*

[6] Consideration of affidavits is appropriate in the context of a motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2). *See Armstrong v. Am. Pallet Leasing Inc.,* 2009 U.S. Dist. LEXIS 77138 (N.D. Iowa 2009); *Med-Tec, Inc. v. Kostich*, 980 F. Supp. 1315, 1319 (N.D. Iowa 1997).

4

in Iowa, employees in Iowa, or an agent for service of process in Iowa. *Id.* Neither Mr. Letyagin, nor the SunPorno website, nor Ideal Consult, Ltd. maintain servers in Iowa for the SunPorno website. *Id.* Neither Mr. Letyagin, nor the SunPorno website, nor Ideal Consult, Ltd. advertise in Iowa and, indeed, Mr. Letyagin has never even visited the United States, much less Iowa. *Id.*

## Argument

I. The Complaint Must Be Dismissed Because Neither Mr. Letyagin, www.SunPorno.com, nor Ideal Consult, Ltd. Are Subject To Personal Jurisdiction in Iowa.

In its complaint, Fraserside IP cites – as the basis for personal jurisdiction over Mr. Letyagin - 28 U.S.C. § 1391.[7] *See* Complaint, ¶4. Section 1391, of course, has nothing to do with personal jurisdiction, or jurisdiction at all, but rather is the federal venue statute. Fraserside IP's pleading deficiencies, however, go much further than a mere inability to cite to the correct authority: Fraserside IP has failed to articulate any facts or legal basis for the exercise of personal jurisdiction over Mr. Letyagin, the SunPorno website, or Ideal Consult, Ltd.[8]

Presumably, Fraserside IP intends to argue that jurisdiction over Mr. Letyagin can be premised on Iowa's long arm statute. *See* Iowa Code § 617.3 and Iowa Rule of Civil Procedure 56.2. The Court "'may assume jurisdiction over a foreign defendant only to the extent permitted by the forum state's long-arm statute and by the Due Process Clause of the Constitution.'" *Fraserside IP L.L.C. v. Hammy Media, Ltd.*, C11-3025-MWB, 2012 WL 124378 at *3 (N.D. Iowa Jan. 17, 2012) (hereinafter *Hammy Media*) (quoting *Dakota Indus., Inc. v. Ever Best Ltd.*,

---

[7] After 16 near-identical complaints filed with this Court, one would have thought that Fraserside IP would at least expend the effort to correct obvious deficiencies in its pleadings.
[8] This court recently dismissed a case with almost identical facts, one of the family of 17 suits brought by this same Plaintiff, on the same grounds advanced here in *Fraserside IP L.L.C. v. Hammy Media, Ltd.*, C11-3025-MWB, 2012 WL 124378 (N.D. Iowa Jan. 17, 2012). If anything, Mr. Letyagin's defenses are even stronger, given that he has never even visited the United States.

5

28 F.3d 910, 915 (8th Cir. 1994)).  Because Iowa's long arm statute extends jurisdiction to the limits of due process allowed by the United States Constitution, "the inquiry collapses into the single question of whether exercise of personal jurisdiction comports with due process." *Bell Paper Box, Inc. v. U.S. Kids, Inc. (Bell Paper I*), 22 F.3d 816, 818 (8th Cir. 1994).

The Due Process Clause requires "minimum contacts" between the nonresident defendant and the forum state before the court may exercise jurisdiction over the defendant. *Coen v. Coen*, 509 F.3d 900, 905 (8th Cir. 2007) *citing World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980).  This Circuit and this Court employ a five-part test for measuring minimum contacts: (1) the nature and quality of the contacts with the forum state; (2) the quantity of those contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties. *Hammy Media*, at *4 (citing *Coen*, 509 F.3d at 905).  Factors one through three are primary.  *Id.*  "With respect to the third factor, we distinguish between specific jurisdiction and general jurisdiction.  'Specific jurisdiction refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum state,' while '[g]eneral jurisdiction . . . refers to the power of a state to adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose.'"[9] *Coen*, 509 F.3d at 905 (citations omitted).

Given the complete absence of facts alleged upon which personal jurisdiction might be premised over Mr. Letyagin, he is left to guess as to the basis for jurisdiction over him. Presumably, Fraserside IP is arguing that his listing as the administrative contact for the Sunporno.com website – a website which is equally accessible anywhere in the free world – is a

---

[9] Given that Mr. Letyagin, www.Sunporno.com, and Ideal Consult have no offices or employees in Iowa, own no property in Iowa, have no telephone number, pay no taxes, maintain no servers, and have no agent for service of process in Iowa, there can be no argument that any of them have the requisite "continuous and systematic" contacts with Iowa necessary to assert general jurisdiction.  *See*, *e.g.*, *Johnson v. American Leather Specialties, Corp.*, 565 F. Supp. 2d 1015 (N.D. Iowa 2008).

6

sufficient basis upon which jurisdiction may be based. Similarly, the Sunporno website (or, more accurately, Ideal Consult, Ltd.) assume that Fraserside IP intends to assert jurisdiction based on the operation of the Sunporno website. Assuming that these are indeed Fraserside IP's arguments, they must fail.

In analyzing whether specific jurisdiction can be based on the defendant having operated a website, the Eighth Circuit starts with the analytical framework laid out in *Zippo Manufacturing Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997). *See Hammy Media*, at *5. In *Zippo*, the Court outlined a sliding scale whereby the Court would determine if a website was passive, interactive, or one which involved entering into contracts and the repeated and knowing transmission of computer files into the foreign jurisdiction. *Zippo*, at 1124. *See also Lakin v. Prudential Securities, Co.*, 348 F.3d 704, 710-12 (8th Cir. 2003); *Principal Financial Services, Inc. v. Big Finance and Insurance Services, Inc.*, 451 F. Supp. 2d 1046, 1056 (2006); *Lindgregn v. GDT, LLC*, 312 F. Supp. 2d 1125, 1130 (S.D. Iowa 2004).

In the Eighth Circuit, however, the Zippo test is but a starting point and the Court must also consider, "(1) the nature and quality of the contacts with the forum state; (2) the quantity of the contacts with the forum state; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing its residents a forum; and (5) the convenience of the parties." *Hammy Media*, at *9 (citing *K-V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 592 (8th Cir. 2011)). *See also Lindgregn*, 312 F. Supp. 2d at 1130 (a court must consider "at a minimum… the nature and quality of the contacts and… their relation to the cause of action."). Regardless of whether the website is interactive or not, the *Lindgregn* Court emphasized "that personal jurisdiction requires 'purposeful conduct directed at the state.'" *Id.* at 1131 (quoting

7

*ALS Scan, Inc. v. Digital Serv. Consult. Inc.,* 293 F.3d 707, 712-713 (4th Cir. 2002)). *See also Dryspace, Inc. v. Crawlspace Concepts, LLC,* 2011 U.S. Dist. 31007 (N.D. Iowa 2011).

In rejecting the Plaintiff's argument that jurisdiction could be based solely on the defendant's website, the *Lindgregn* Court stated that "while GDT's Web site is both commercial and interactive, the site is arguably no more directed at Iowa than at Uzbekistan." *Lindgregn,* 312 F. Supp. 2d at 1132. "The fact that someone who accesses defendants' Web site can purchase a Jean Jewel, does not render defendants' actions purposefully directed at this forum. …There is no evidence that GDT took any purposeful action towards Iowa – it did not direct any paid advertising to Iowa or solicit Iowa residents to visit its Web site. It merely processed the orders from Iowa customers who visited its site. Merely entering into a contract with a forum resident does not provide the requisite contacts between a nonresident defendant and the forum state." *Id.* (internal citations and quotation marks omitted).

Similarly, in *Viasystems, Inc. v. EBM-PAPST St. Georgen GmbH & Co.*, 2010 U.S. Dist. LEXIS 57871 (E.D. Miss. 2010), the court applied *Zippo*, as interpreted by the Eighth Circuit and concluded that the defendants' maintenance of its website – which was accessible by residents of Mississippi – could not support a finding of personal jurisdiction over the nonresident defendant no matter how many Missouri residents visited the website because the website did not allow visitors to make direct purchases, but rather redirected them to another website. *Id.* at *18 ("The Court therefore concludes that EBM is not carrying out 'systematic or continuous' business in Missouri through its website because the website (1) does not allow Missouri customers to enter into transactions with EBM, (2) does not contain any information targeted specifically at potential Missouri customers, as differentiated from potential U.S. customers generally, and (3) directs those potential Missouri customers who do wish to purchase

8

EBM products to EBM's United States affiliate, which in turn directs them to local distributors.")

*See, also, P.S. Prods. v. Alibaba.com Inc.*, 2011 U.S. Dist. LEXIS 25948 (E.D. Ark. Mar. 10, 2011) (rejecting personal jurisdiction based on the defendant's website because the website did not directly enter into commercial transactions, but rather was simply a "portal that receives a fee for any purchase transacted as a result of the listing on the Website"); *David White Instruments, LLC. v. TLZ, Inc.*, 2003 U.S. Dist. LEXIS 8375 (N.D. Ill. May 14, 2003) (rejecting personal jurisdiction where "visitors of robotoolz.com cannot purchase the allegedly infringing products from Toolz's website. Rather, consumers who wish to purchase an allegedly infringing product must visit an unaffiliated website, internationaltool.com.").

In the present case, Fraserside IP's complaint fails in its entirety. Looking first to Mr. Letyagin, individually, the Complaint contains not a single allegation which would support jurisdiction over Mr. Letyagin, a resident of Europe, who has never even visited the United States and who certainly has no connection whatsoever to Iowa.

Nor can the mere existence of the SunPorno website support personal jurisdiction over Mr. Letyagin, SunPorno.com, or Ideal Consult, Ltd. Although the website may have a certain level of interactivity (inasmuch as users can view or post videos), ***the website does not enter into any kind of commercial transaction with any of its users – in Iowa or anywhere else***. Nor does the Complaint contain an allegation that *any* resident of Iowa has either viewed or downloaded Fraserside IP's intellectual property (assuming that it has any) at these sites. Indeed, the Complaint does not even allege how many – if any – Iowa residents have visited the SunPorno website. And, perhaps most importantly, the Complaint contains no allegation that SunPorno has somehow directed his websites at the citizens of Iowa. Such glaring omissions are fatal to an assertion of jurisdiction over Mr. Letyagin. *See Hammy Media*, at *9.

9

Case 3:11-cv-03041-MWB-LTS   Document 18-1   Filed 02/07/12   Page 10 of 14

Nor can personal jurisdiction be premised on the allegation that infringement of Fraserside IP's intellectual property (assuming that it has any) would cause injury in Iowa. *Amerus Group Co. v. Ameris Bancorp.*, 2006 U.S. Dist. 32722 (S.D. Iowa 2006) (in answering "the question of whether, standing alone, the 'effects' of a tortious act can subject a defendant to personal jurisdiction in a forum where no other contacts exist. This Court holds it cannot. …*Calder*[10] did not carve out a special intentional torts exception to the traditional specific jurisdiction analysis, so that a plaintiff could always sue in his or her home state.") *See also Dryspace, Inc. v. Crawlspace Concepts, LLC,* 2011 U.S. Dist. 31007 (N.D. Iowa 2011) ("Although the Court accepts as true Plaintiff's allegations that Defendant intentionally infringed Plaintiff's registered trademark, this allegation alone fails to show how Defendant uniquely or expressly aimed its tortious acts at Iowa. …Thus, Plaintiff has failed to demonstrate that Defendant's acts were performed for the very purpose of having their consequences felt in the forum state") (internal quotation marks and citations omitted); *Lindgregn v. GDT, LLC*, 312 F. Supp. 2d 1125, 1130 (S.D. Iowa 2004) (in holding that personal jurisdiction could not be based on the defendants' website, which the plaintiff alleged violated the plaintiff's copyrights, causing harm in Iowa, the Court noted that "the Eight Circuit clearly has refused to abandon the traditional minimum contacts test when relying on *Calder*. …although the defendants' alleged harmful activities may have harmed the plaintiff in Iowa, absent additional contacts, this effect alone was not sufficient to bestow personal jurisdiction in Iowa.").

Nor has Fraserside IP alleged that Mr. Letyagin, the SunPorno website, or Ideal Consult Ltd. have taken intentional acts which were "uniquely or expressly aimed at" Iowa, that the brunt of the harm was suffered in Iowa, or that any of them knew that the brunt of the harm would be suffered in Iowa. *See Hammy Media*, at *8 (allegations of intentional infringement "fail to

---

[10] *Calder v. Jones*, 465 U.S. 783 (1984).

demonstrate that [website] 'uniquely or expressly aimed' its tortious acts at Iowa." (quoting *Johnson v. Arden*, 614 F.3d 785, 796 (8th Cir. 2010))). The SunPorno website is no more "aimed at Iowa" than it is aimed at New York, Madrid, Hong Kong, or any other place in the world where the internet is available. *Id.* at *8 (holding that even if a "website is both commercial and interactive … such a website 'is arguably no more directed at Iowa than at Uzbekistan.'" (quoting *Lindgregn,* 312 F. Supp. 2d at 1131)). *Most importantly, it would have been impossible for Mr. Letyagin, the SunPorno website, or Ideal Consult, Ltd. to have suspected that any harm (much less the brunt of it) would be felt in Iowa, given that – at the time of the alleged infringement – all of the copyrights and trademarks at issue were registered not to Fraserside IP, but rather Fraserside Holdings, Ltd. (a Cyprus Corporation), Milcap Media, Ltd. (a Cyprus Corporation), and Cine Craft, Ltd. (a UK Corporation).*

And, indeed, under Eighth Circuit precedent, even if Fraserside IP could prove that Mr. Letyagin, SunPorno.com, or Ideal Consult, Ltd. knew that the brunt of the effects would be felt in Iowa (which it clearly cannot), such "effects" would be insufficient without more to establish jurisdiction over them. *Zuffa, LLC v. Showtime Networks, Inc.*, 2007 U.S. Dist. LEXIS 60711 (D. Nev. 2007) (knowledge that copyright holder was located within the jurisdiction "by itself fails to establish that Showtime and ProElite individually targeted Plaintiff"); *Amerus Group Co. v. Ameris Bancorp*, 2006 U.S. Dist. LEXIS 32722 (S.D. 2006) (discussing whether, under Eighth Circuit precedent, "standing alone, the 'effects' of a tortious act can subject a defendant to personal jurisdiction in a forum where no other contacts exist. This Court holds it cannot"); *Principal Fin. Servs. v. Big Fin. & Ins. Servs.*, 451 F. Supp. 2d 1046, 1059-1061 (S.D. Iowa 2006) ("Given the complete absence of any substantial connection between Big Finance and the state of Iowa, the Court cannot exercise jurisdiction solely because the effects of the alleged

11

injury may be most strongly felt in Iowa"); *Express Scripts, Inc. v. Care Continuum Alliance, Inc.*, 2011 U.S. Dist. LEXIS 61157, *12 (D. Miss. 2011) ("Even if plaintiffs adduced evidence that Care Continuum knew Express Scripts owned the mark and resided in Missouri, this fact alone this would be insufficient to confer personal jurisdiction under Calder; because there is no evidence that Care Continuum ever targeted this state or had any other contacts with it.").[11]

Finally, even if this Court could somehow exercise personal jurisdiction over Mr. Letyagin, the SunPorno website, or Ideal Consult, Ltd., it should decline to do so for reasons of forum non conveniens. It is inconceivable why this Court would want to entertain an action which is, in reality, between two European and one African entity (Fraserside Holdings, Cinecraft Limited, and Ideal Consult, Ltd.), simply because the Plaintiff has purchased the equivalent of a mail drop in Iowa for the sole purpose of making the Northern District of Iowa the hub for pornography-related copyright claims. Because there is no personal jurisdiction over Mr. Letyagin, Sunporno.com, or Ideal Consult, Ltd., the present action must be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

---

[11] The Express Scripts case is particularly on point. There, the two Plaintiffs were a Missouri-based parent company (Express Scripts) and its wholly-owned subsidiary (CuraScript), which owned the trademarks in question. Although CuraScript was not itself headquartered in Missouri, it maintained a place of business in Missouri, had senior corporate officers located in Missouri, and conducted administrative activities in Missouri. Id. at *10. Nevertheless, the Court rejected jurisdiction in Missouri based on Eighth Circuit precedent, holding that – even though CuraScript maintained a presence in Missouri – such evidence was "insufficient for me to conclude that CuraScript will feel the effects of any mark infringement here. Its contacts are simply too limited." The Court went on to hold that "the Eighth Circuit has narrowly construed the Calder effects test, holding that 'mere effects in the forum state are insufficient to confer personal jurisdiction.'" Id. at *10-11, citing Johnson, supra. "Instead, plaintiff must present some evidence that defendants had other contacts with the forum state, and intentionally aimed their tortious activities to that state for the very purpose that their effects would be felt in that state. ...Here, there is no evidence that Care Continuum directly targeted any alleged mark infringement at Missouri, knowing the brunt of the infringement would be felt here." Id. at 12.

## Conclusion

For the reasons stated herein, Mr. Letyagin and www.SunPorno.com respectfully request that Fraserside IP's Complaint be dismissed in its entirety.

Respectfully submitted,
Sergej Letyagin and www.sunporno.com,

By their attorneys,

/s/Connie Alt
Connie Alt           AT0000497
Jennifer E. Rinden   AT0006606
        for
SHUTTLEWORTH & INGERSOLL, P.C.
500 US Bank Bldg., P.O. Box 2107
Cedar Rapids, IA 52406
PHONE:    (319) 365-9461
FAX:      (319) 365-8564
cma@shuttleworthlaw.com

Copy to:

Chad Belville
Chad Belville Attorney at Law
P.O. Box 17879
Phoenix, AZ 85066

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of this document was served upon counsel of record for each party to the action in compliance with FRCP 5 on February 7, 2012 by:

[ x ] Electronically via ECF for ECF registrants
[  ] U.S. Mail _____
[  ] Fax _____
[  ] Fed Ex _____
[  ] Hand Delivered _____
[  ] other _____

**Anne Johnson**