UNITED STATES DISTRICT COURT IN AND FOR THE
NORTHERN DISTRICT OF IOWA, CENTRAL DIVISION

|  |  |  |
|---|---|---|
| Fraserside IP, LLC, | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Sergej Letyagin, dba SunPorno.com, | ) | Docket No. 11-cv-03041-MWB |
| www.sunporno.com, | ) | |
| John Does 1 – 100, | ) | |
| and John Doe Companies 1-100, | ) | |
| Defendants. | ) | |

## DEFENDANTS SERGEJ LETYAGIN AND WWW.SUNPORNO.COM'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

Where even to begin?

Undeterred by a wholesale lack of *facts* to support its Opposition to the Defendants'
Motion to Dismiss, Plaintiff Fraserside IP, LLC ("Fraserside IP") instead relies on pages of
unsupported innuendo, hyperbole, and conjecture. And, while its temper-tantrum-
masquerading-as-a-legal-brief may make the Plaintiff feel better, it does nothing to change the
fact that neither Sergej Letyagin nor www.SunPorno.com have sufficient contacts with Iowa to
make an exercise of jurisdiction over them constitutionally permissible.

### Facts

Although it would be impossible in the limited space afforded reply briefs to counter each
of the Plaintiff's unsupported and unsupportable assertions, a few of the more flagrant
misrepresentations merit a response:

•     As Mr. Letyagin stated in his first affidavit – and now again in his second
affidavit – he does not individually own or operate the Sunporno.com website which is, in

actuality, owned by Ideal Consult, Ltd. ("Ideal").  <u>See</u> Exhibit 1, Second Affidavit of Sergej Letyagin.  To counter these affidavits, the Plaintiff offers nothing but conclusory statatements, such as its new claim that, even if Mr. Letyagin doesn't own the website in question, he must be (because they say so) the alter-ego of Ideal.  Corporate structures, however, have meaning and the Plaintiff has offered the Court not a single fact in support of its (presumed) insistence that Ideal's corporate veil may be pierced.

•       Despite having been admonished by this Court in the past for erroneously claiming that a Whois record identifying an individual as the registrant or contact person for a website means that the individual "owns" the website, the Plaintiff persists in making this frivolous argument.

•       Ideal does not aim advertising at Iowa or the United States.  Ideal has agreements with a Spanish company and a Netherlands company to provide them with advertising space to use as they like.  <u>See</u> Second Letyagin Affidavit.  Such contracts with foreign advertising networks cannot be considered as Ideal directing itself at Iowa or the United States.

•       Although the Plaintiff also spends much time discussing TGP Alliance, a largely defunct website that has not been updated in years, TGP Alliance does not provide the Sunporno website with advertising service, nor is it the "advertising arm" of Sunporno.com.  <u>Id.</u>  Given that the Plaintiff likes citing to Alexa statistics, it is worth noting that Alexa currently ranks the TGP website at 1,193,917[th] in worldwide traffic, indicating that it receives almost no traffic whatsoever.  For comparison's sake, http://www.sudftw.com/paintcam.htm, a website *that has a web camera that literally displays peeling paint* ranks 1,077,505[th] in web traffic.  <u>Id.</u>

## Argument

In its only legal argument not already thrice-rejected by this Court (See <u>Fraserside IP</u>

LLC v. Hammy Media Ltd et al, 3:11-cv-03025-MWB; Fraserside IP LLC v. Kovalchuk, 3:11-cv-03040-MWB; Fraserside IP LLC v. Waterweg et al., 3:11-cv-03043-MWB), Fraserside IP urges the Court to consider personal jurisdiction over Mr. Letyagin proper under Fed. R. Civ. P. 4(k)(2).[1] Putting aside the fact that this basis for jurisdiction is not articulated in Fraserside's actual complaint, in order to base jurisdiction on Rule 4(k)(2), the Plaintiff is required to prove both that "(A) the defendant is not subject to any state's courts of general jurisdiction; and (B) exercising jurisdiction is consistent with the United States Constitution and laws." Fed. R. Civ. P. 4(k)(2); Ackerman v. Global Vehicles U.S.A., Inc., 2012 U.S. Dist. LEXIS 26816, 14-15 (E.D. Mo. 2012); Precision Assocs. v. Panalpina World Transp., 2011 U.S. Dist. LEXIS 51330, 151-154 (E.D.N.Y. 2011)("the plaintiff has the burden of making out a prima facie case of all the elements of Rule 4(k)(2), including a certification that 'based on the information that is readily available to the plaintiff and his counsel, the defendant is not subject to suit in the courts of general jurisdiction of any state.'")

Here, the Plaintiff has failed to meet either prong of the Rule 4(k)(2) test. First, far from certifying a belief that the Defendants are not subject to the jurisdiction of any state, the Plaintiff names at least two states – Ohio and Kansas – in which it asserts jurisdiction may lie. This alone is sufficient to defeat the Plaintiff's claim of jurisdiction under the Rule. Ackerman, supra ("Here, Plaintiffs' argument fails because Plaintiffs do not allege, much less satisfy their burden to establish that Mahindra is not subject to any state's courts of general jurisdiction"); Liberty Media Holdings v. Letyagin, Civil Action No. 11-62107-CV-WILLIAMS (S.D. Fla. Dec. 14, 2011)("argument that Defendant has 'establish[ed] several jurisdictions' in the United States through unidentified advertising and 'contracting' activity (Reply at 5) is not only unsupported,

---

[1] It should be noted that "since Rule 4(k)(2) was enacted," there have been scant few cases in which any circuit court has concluded that Rule 4(k)(2) conferred jurisdiction over a foreign defendant. Liberty Media Holdings, LLC v. Vinigay.com, 2011 U.S. Dist. LEXIS 153615, 37-38 (D. Ariz. 2011).

but is inconsistent with Rule 4(k)(2), which is defeated by identifying a state in which the defendant is subject to personal jurisdiction.")[2]

More to the point, Fraserside has not and cannot prove sufficient minimum contacts as between Mr. Letyagin or the SunPorno website and the United States to permit an exercise of personal jurisdiction over either. <u>Cepia, L.L.C. v. Alibaba Group Holding Ltd.</u>, 2011 U.S. Dist. LEXIS 129126, 19-20 (E.D. Mo. 2011) ("Due process analysis concerning jurisdiction under Rule 4(k)(2) must be focused on whether the 'defendant purposely directed its activities at residents of the forum, and whether litigation results from alleged injuries that arise out of, or relate to those activities.' Again, Plaintiff has not shown Alibaba Holding has purposely directed its activities at Missouri. ...Therefore, jurisdiction under Federal Rule of Civil Procedure 4(k)(2) is not proper in this case.") In the present case, neither Mr. Letyagin nor Ideal Consult own property in the United States, have employees in the United States, pay taxes in the United States, or maintain a bank account in the United States. Indeed, Mr. Letyagin has never even visited the United States. <u>See</u> Second Letyagin Affidavit.

To overcome this wholesale lack of connection with the United States, Fraserside points only to the fact that (1) the Sunporno website is accessible in the United States and (2) that certain ads appearing on the Sunporno website are made to appear as if they are aimed at residents of Iowa or the United States. With respect to the first argument (and as this Court has itself held in other actions brought by Fraserside), "jurisdiction cannot be based solely on the ability to access a website... or on defendants' alleged limited advertising in Missouri... especially considering Dolphin alleged no connection between the websites or the advertising and his

---

[2] Fraserside IP appears to have lifted its Rule 4(k)(2) argument directly from the <u>Liberty Media Group</u> case. This would not ordinarily be surprising – given that counsel for Fraserside and counsel for Liberty Media Group have a close working relationship – but for the fact that the Southern District of Florida so soundly rejected the argument when it was presented there. (<u>See</u> Exhibit 2.)

claims." <u>Dolphin v. Equibase Co., L.L.C.</u>, 62 Fed. Appx. 751, 752 (8th Cir. 2003).

Fraserside's argument about the specific content advertisements is similarly misguided. Ideal Consult does not itself choose or display any advertising on the Sunporno website, but rather it has entered into agreements with a Spanish company (ExoClick) and a Netherlands company (Ero-Advertising) to provide banner and "pop under" space to their advertising networks. <u>See</u> Second Letyagin Affidavit. Like most advertising networks, ExoClick and Ero-Advertising gear their ads to the location of the user. <u>Id.</u> Visitors in France are shown French ads and visitors in Germany are shown German ads. <u>Id.</u> Again, however, *none of this has anything to do with Ideal Consult*. Ideal's only agreements are with the Spanish company, ExoClick and the Netherlands company, Ero-Advertising. <u>Id.</u> <u>As such, the content of these advertisements says nothing about Ideal Consult's contacts with the United States</u>.

Indeed, Courts examining this issue have recognized as much:

Although Defendant AccuRadio concedes that some of AccuRadio's ad-serving vendors may display different commercial ads to different viewers of AccuRadio's site based on the viewer's location, we agree that these advertisements are not for AccuRadio's service and AccuRadio merely provides banner advertising spance on a website for unrelated products and services.

...If it were otherwise, all media outlets that feature advertisements may become subject to jurisdiction in any state regardless of whether they have actually directed their own business activities to the forum.

<u>Zamora Radio, LLC v. Last.FM, Ltd.</u>, 2011 U.S. Dist. LEXIS 69101 (S.D. Fla. 2011)(numerous citations omitted). <u>See also Dynetech Corp. v. Leonard Fitness, Inc.</u>, 523 F. Supp. 2d 1344, 1347 (M.D. Fla. 2007)(advertising link on website "too narrow a thread on which to find a meaningful "contact" for the purposes of due process.")

<u>**Conclusion**</u>

For the reasons stated herein and in the Defendants' Memorandum in Support of Motion to Dismiss, Defendants Sergej Letyagin and Sunporno.com respectfully request that this Court dismiss the Plaintiff's complaint in its entirety.

Respectfully submitted,
Sergej Letyagin and www.sunporno.com,

By their attorneys,

/s/Evan Fray-Witzer
Evan Fray-Witzer, *pro hac vice*
Ciampa Fray-Witzer, LLP
20 Park Plaza, Suite 804
Boston, MA 02116
(617) 723-5630
Evan@CFWLegal.com

/s/Valentin Gurvits
Valentin Gurvits, *pro hac vice*
Boston Law Group, PC
825 Beacon Street, Suite 20
Newton, MA 02459
 (617) 928-1804
vgurvits@bostonlawgroup.com

/s/Jennifer E. Rinden
Connie Alt            AT0000497
Jennifer E. Rinden      AT0006606
            for
SHUTTLEWORTH & INGERSOLL, P.C.
500 US Bank Bldg., P.O. Box 2107
Cedar Rapids, IA 52406
PHONE:        (319) 365-9461
FAX:          (319) 365-8564
jer@shuttleworthlaw.com

<u>ECF CERTIFICATE OF SERVICE</u>

I, Evan Fray-Witzer, hereby certify that on March 16, 2012, a copy of the above

document was served on Chad Bellville, attorney for the plaintiff, through the Court's ECF

system in accordance with FRCP 5.


<u>/s/ Evan Fray-Witzer</u>