**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| FRASERSIDE IP LLC, An Iowa Limited Liability Company, | |
| Plaintiff, | No. C11-3041-MWB |
| vs. | |
| SERGEJ LETYAGIN, DBSSUNPORNO.COM AND WWW.SUNPORNO.COM, and John Does 1-100 and John Doe Companies 1-100, | **ORDER SCHEDULING SETTLEMENT CONFERENCE** |
| Defendants. | |

_____

The parties and their attorneys are hereby **ORDERED TO APPEAR** before the undersigned at the United States Courthouse, 320 Sixth Street, Sioux City, Iowa, for a settlement conference on **September 3, 2013.  The conference will begin at 9:00 a.m. and will end no later than 1:30 p.m.**  The attorneys for the parties are responsible for timely advising any involved nonparty insurance company of the requirements of this order.

The persons attending the settlement conference must make certain their travel schedules are sufficiently flexible to permit them to remain at and personally participate in the settlement conference until **as late as 1:30 p.m.**, if necessary.  No participant in the settlement conference will be permitted to leave the settlement conference before it is concluded without the permission of the settlement conference judge.

The settlement conference will be held in accordance with Local Rule 16.2 and under the following terms and conditions.

1.    **PRIOR SETTLEMENT NEGOTIATIONS REQUIRED.**   The settlement conference should not be used as a vehicle to facilitate *the commencement* of settlement negotiations.   By **not later than three court days before the date of the settlement conference**, the parties must have exchanged **at least two settlement demands and two settlement offers**.

2.    **INDIVIDUALS WITH FULL AUTHORITY.**   All parties must attend the settlement conference in person, except that an individual with complete authority to negotiate and consummate a settlement on behalf of a party may appear for that party.  An attorney who has appeared in this lawsuit for a party is not permitted to serve as the sole representative of that party at the settlement conference, even if the attorney otherwise has the required authority.

If a defendant does not personally appear at the settlement conference, the representative appearing for the defendant must have settlement authority, to be employed at the representative's discretion, to commit the defendant to pay an amount significantly more than the defendant's last offer.  An insurance company that is or may be required contractually to defend or pay damages on behalf of a party to this action must have a representative present at the settlement conference with settlement authority to pay an amount significantly more than the defendant's last offer.  In appropriate cases, the representative of a defendant or an insurance company may make an *ex parte* contact with the settlement conference judge (at 712-233-3868) to request a waiver of the requirements of this paragraph.

If a plaintiff does not personally appear at the settlement conference, the representative appearing for the plaintiff must have settlement authority, to be employed at the representative's discretion, to accept on behalf of the plaintiff an amount significantly less than the plaintiff's last demand.

2

Although a representative appearing for a party at the settlement conference must have the authority required by this order, there is no requirement that the representative agree to settle the case at the settlement conference for any particular amount or on any particular terms.

3. **CONFIDENTIAL SETTLEMENT STATEMENTS.** Not later than **two court days** before the settlement conference, the parties must submit to the settlement conference judge (but not file) a confidential written settlement statement setting forth the following: (a) the relevant positions of the parties concerning factual issues, issues of law, and damages; (b) the settlement negotiation history of the case, including a recitation of the specific demands and offers that have been conveyed; and (c) the names and positions of the individuals who will be attending the settlement conference. The statement ordinarily should not exceed **five pages** in length. The statement will not be made a part of the case file or shared with any other party, and will be destroyed following the settlement conference.

4. **PRESENTATIONS AT SETTLEMENT CONFERENCE.** The undersigned will not ask the attorneys to present opening statements in the presence of the other parties and counsel. Instead, the undersigned will make brief introductory remarks to the entire group before asking the parties to separate into their respective rooms. During the undersigned's initial confidential caucus with each group, the attorneys should be prepared to give a brief presentation (**ten minutes or less**), similar to an opening statement, outlining the factual and legal strengths of their case. The undersigned welcomes comments from the parties themselves during the confidential caucuses and may pose questions directly to the parties.

5. **CONFIDENTIALITY.** The purpose of the settlement conference is to precipitate settlement of the case if possible, but the settlement conference will be conducted in such a manner as not to prejudice any party in the event settlement is not reached. The only information about the settlement conference that will be disclosed to the trial judge is

whether or not the case has settled. In addition, the settlement conference judge will comply with any request made by one party to refrain from disclosing information to another party. The settlement conference judge ordinarily will not serve as the trial judge in this case.

6. **REQUIREMENTS OF THIS ORDER NOT MET OR SETTLEMENT NOT REASONABLY POSSIBLE.** If, prior to the settlement conference, counsel for any party learns that the requirements of this order will not be met or determines that settlement is not reasonably possible, then such counsel shall initiate a telephone conference with the settlement conference judge (at 712-233-3868) and opposing counsel to seek a variance from the terms of this order or to discuss whether the settlement conference should be canceled or postponed. Any such telephone conference must be sought soon enough so that the fees and expenses incurred in connection with convening the settlement conference can be avoided (normally, at least two court days before the date scheduled for the settlement conference).

7. **ASSESSMENT OF COSTS AND EXPENSES.** If a party appears at the settlement conference without having complied with the requirements of this order, then the court may cancel the settlement conference and assess against the noncomplying party, attorney, or both, the fees and expenses incurred by the other parties in attending the settlement conference and the expenses incurred by the court in attending the settlement conference.

**IT IS SO ORDERED.**

**DATED** this 11th day of September, 2012.

_____
LEONARD T. STRAND
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

4